FILED
CHARLOTTE, NC

JUN 21 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

ROY KING FOR HIMSELF

AND SALLY KING

18212 POMPANO PLACE

CORNELIUS, NC 28031


Plaintiffs


V.                                                                    No.: **3:23-cv-372-FDW**



MECKLENBURG COUNTY TAX ASSESSOR

Serve on: GENERAL COUNSEL

600 E Fourth St. 11th Fl.

Charlotte, NC 28202



TAX ASSESSMENT OFFICE OF

MECKLENBURG COUNTY

Serve on: GENERAL COUNSEL

600 E Fourth St. 11th Fl.

Charlotte, NC 28202


Defendants

———————

## COMPLAINT

———————

Case 3:23-cv-00372-FDW-SCR    Document 1    Filed 06/21/23    Page 1 of 12

## INTRODUCTION

Comes now Roy King, the undersigned, Pro Se and hereby submit this Affidavit of Complaint to challenge the property taxation imposed upon his personal family home in Mecklenburg County, North Carolina. Plaintiffs are over 75 years old, and Sally King his spouse is currently suffering from illness, which places an additional burden on financial resources and caregiving responsibilities. Plaintiff(s) contend that the property taxation as it applies to them is unduly burdensome, violates due process and equal protection, lacks the necessary legal foundation for imposition to them individually and personally, and fails to consider the impact of the ongoing COVID-19 pandemic. On top of that the same was deposited into a Private Religious Purpose Trust ("Religious Property") All alleged which follows was done all against the Constitution and laws of the United States and as those are incorporated as the supreme law of the land in each and every - and the subject - state. Specifically they allege Acts contrary and in disregard of Religious freedoms and the mandatory separation of Church and State required to be maintained. They are accused to have been and to be being done under color of law and authority under the respective offices listed and their policy promulgated to concur with the law and Constitutions with which they must not cause tension. The same thusly are accused to fall under restrictions and proscriptions in 42 USC 1983.

The following facts, legal considerations, and demands support the complaint and warrant the relief sought:

1. Background Information:

   a. Roy King and Sally King are the owners of a residential property located at 18212 POMPANO PLACE CORNELIUS, NC 28031, Mecklenburg County, North Carolina.

   b. The property was acquired after the government concluded, through notice and comment, that it would be subject to taxation by the County. Therefore, they assert that they were not afforded an opportunity to oppose the decision at that time nor to speak in relationship to it.  Recently they transferred the property into a private Religious non-profit Purpose Trust as "Religious Property" (application equivalent provided between January 1 and 31) which existence and agreement (private) existed prior to January 1, 2023.

   c. The Kings do not require nor desire certain county general services that typically render one liable for county taxes. These services are not necessary for their particular circumstances, and therefore, they believe it is unjust for them to bear the associated tax burden. And they pledge to privately contract for any such services as needed.

   d.  According to the Defendants website the appeal process is an essential component of property valuation. Property owners are entitled to request that values of their properties be reviewed (appealed) with consideration to aspects of the property that may not have been included when the value was determined.  However, upon the Kings request this has not ever happened to date that they are aware. Nor were they

apprised of any exhaustion process upon final agency/office determination. In violation of the rules and policy.

e. According to the Defendants website the Mecklenburg County Assessor's Office staffs a limited number of appraisers and property specialists to value all properties: real property, vehicles, business personal property and individual personal property.

f. Further according to their website, but contrary to their behavior and disclosures upon receiving the Kings objections and challenges requesting relief, North Carolina offers several property tax relief programs for residents. Each program listed below provides an overview that demonstrates that they are entitled to a form of relief.

g. Some programs have income requirements that must be met in order to qualify. To them income means all monies received from every source other than gifts or inheritances received from a spouse, lineal ancestor, or lineal descendant. However, ordinarily the word "income" with regards to taxation means only "taxable income". It does not follow reason or logic that sums not deemed "taxable income" by federal law are then deemed "taxable income" by the state or county. Or by the state through the county.

h. According to the Defendants website the Circuit Breaker program allows qualifying individuals the option to defer a portion of the property taxes owed on their permanent residence:

Current Deferral Limits according to their website

$33,800 or less - The portion of property taxes that exceeds **4%** of the owner's income may be deferred.

$33,800 but less than or equal to $50,700 - The portion of the property taxes that exceeds 5% of the owner's income may be deferred.

i. Roy King and Sally King find deferral undesirable as not serving their end goals and postponing matters which will only, financially speaking, get worse and accumulate and burden them more as time goes on.

j. Finally, according to their website, North Carolina allows property tax exclusions for senior adults and disabled individuals. If you qualify, you may receive an exclusion of either **$25,000 or 50%** of the taxable value of your residence (whichever is greater). The Kings were not extended any of these programs nor any variation of them. Rather they were ignored and the full sums were demanded and are intended to be taken from them which seems to treat them disparately without explanation, seems to treat them thusly unequally in violation of the US Constitution and laws, and by that deprives them

of due process of the law and the right to be secure in their persons, property, and rights material to their private home.

2. Undue Burden and Violation of Due Process:

a. The property taxation imposed upon the Kings is unduly burdensome given their age and the presence of a sick spouse, which necessitates increased financial resources for medical care and support. The NOTICE sent to the other side seeking correction of the records is annexed hereto and made a part hereof as exhibit A incorporated fully by reference. Remedy is available but was not provided to ROY KING and the record was not adjusted to relieve him of adverse determination based in due process and equal protection devoid financial burdens imposed upon his ownership, use, and possession rights in real property and its equity and bundle of rights that run with the home and the land and/or property.

b. Roy King asserts that the property taxation violates their right to due process under the Fourteenth Amendment of the United States Constitution as to their knowledge they never were provided with adequate notice and opportunity to oppose the tax levy before it was imposed nor the conclusion that they or their real property is taxable.

c. The lack of prior notice and opportunity to oppose the tax assessment denies the Kings the ability to challenge the valuation, validity, and fairness of the assessment as

well as any conclusions that they are and their property is properly labelled as one subject to assessment all in violation of procedural safeguards

3. Violation of Equal Protection:

a. The Kings hereby assert that the property taxation violates the Equal Protection Clause of the Fourteenth Amendment as it results in significantly different tax burdens on similarly situated individuals and fails to take into account their individual circumstances and resulting ability to prospective generate income that would cover the taxes or equate to their income when the home was acquired.

b. Despite the Kings material change in circumstances impact on their prospective financial income capabilities and the presence of a sick spouse, the property tax burden imposed upon them is disproportionate and discriminatory when compared to other taxpayers in similar circumstances.

4. Impact of the COVID-19 Pandemic:

a. The COVID-19 pandemic was declared in 2020 and has had a significant and disproportionate impact on the elderly population, including Roy King and his spouse.

b. The future resources needed to tend to their own joint and several health remain uncertain due to the unpredictable nature of the pandemic and its associated challenges.

c. Placing taxation burdens on the Kings, given the ongoing pandemic and its imposed hardships, is unconscionable, irresponsible, and feels extortionate under the totality of the circumstances and as such the parties come for judicial inspection of the transaction and to obtain relief by remedy from this Court.

5. Nullification of Property Tax Assessment:

a. Roy King contends and hereby asserts that the remedy provided should include the nullification, suppression, suspension, or forgiveness of the assessment, specifically as it applies to their real property.

b. They assert and state that the conclusions reached by the taxing authorities, which formed the basis of the property tax assessment, are inaccurate, as they relied on incomplete records and procedures that violate due process and equal protection inasmuch as they were not included in notice and comment period rule-making by which the taxation began and because the benefits that the taxation must be based on are unannounced, subtle, and undisclosed by and large if any commensurate benefits actually can be shown to exist to warrant it.

c. The record of decision in the taxation (agency and office) included irrelevant considerations while excluding Roy King and Sally Kings specific objections and sentiments expressed in this complaint and the process that they employed for exhaustion of their dispute(s).

6. Demand for Correction of Record and Relief:

a. Roy King and Sally King demanded of the Defendants prior to institution of any action that the record be corrected within 30 days to accurately reflect the facts and circumstances of my case. This concurs with standard agency correction of records protocols when dealing with debts, US Citizens and those classified as such for purpose of actual fact or convenience, and correction of debt collection matters when challenged.

b. In the meantime and/or indefinitely, the Kings requested relief and forbearance from the property tax obligations, including a moratorium on the debt claimed, or an equivalent arrangement to alleviate the financial burden imposed upon them. They would ask a retroactive disgorgement dating back to as far as limitations periods and fairness would allow.

7. Incorporation of Judicial Review Elements and Warning:

Case 3:23-cv-00372-FDW-SCR    Document 1    Filed 06/21/23    Page 9 of 12

a. Plaintiffs incorporated the provisions of the Judicial Review statute of the Administrative Procedure Act of the State applicable to Mecklenburg County and as otherwise applicable to Exhaustion of Remedies with Mecklenburg County that are relevant to the case. The insurances of the County are believed to be triggered, and if not the insurances covering these offices/businesses hereby sued.

b. Roy King hereby states that there was exhaustion, a showing of futility otherwise, and that the parties Defendant jointly and severally were made aware that if the subject records were not corrected or appropriate relief was not provided, I will seek judicial review and pursue disgorgement of any improperly collected taxes, as deemed necessary and warranted by and/or under the applicable law.

c. Based on the above facts, legal arguments, and demands, Roy King respectfully requests immediate action to address the concerns raised in this Affidavit of Complaint. I demand that the property tax assessment and its associated obligations be nullified, suppressed, suspended, or forgiven specifically as they pertain to my/the subject property.

d. The parties also reiterate that the demand for the correction of the record within 30 days was, accompanied by requested relief and forbearance provided in the meantime and/or indefinitely, was ignored. The defendants were warned that failure to comply with or address these demands may result in the pursuit of judicial review and disgorgement of any improperly collected taxes. Thusly this Complaint is lodged for

formal resolution where exhaustion of informal resolution options has failed due to inherent futility and frustration imposed systemically.

PRAYER FOR RELIEF

WHEREFORE, ROY KING for himself and Sally King ask this Honorable Court for Judicial Inspection of the transactions, facts, circumstances, and law appertaining, and grant a Judgment against the Defendants for Correction of the Records and or its functional equivalent by and through retroactively applicable suppression and/or suspension of Tax responsibility as to ROY KING and Sally King indefinitely.

As there may be no adequate remedy at law ROY KING for himself and for Sally King asks that a remedy be fashioned which is the functional equivalent of the fair and appropriate relief sought herein. Specifically they Demand judgment that their property is "religious property" as of at least prior to January 1, 2023 for purposes of taxation exemption or the functional equivalent of this and the relief that this would provide during the pendency and prospectively for the foreseeable future.

And grant such other further and warranted relief as may be appropriate under the totality of the circumstances. If the land is identifiable only by the plat description in the Deed of Transfer a copy thereof is annexed and the county is included herein to allow specific identification of the property in question.

Verification:

I hereby state and declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct to the best of my knowledge and belief. 28 USC 1746.

6/13/2023

/s/x _____ [LS/SEAL]

ROY KING FOR HIMSELF

AND SALLY KING

18212 POMPANO PLACE

CORNELIUS, NC 28031